UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

REBECCA S.,

    Plaintiff,

v.              6:24-CV-01121
               (ML)
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

APPEARANCES:         OF COUNSEL:

LAW OFFICES STEVEN DOLSON PLLC  STEVEN R. DOLSON, ESQ.
 Counsel for the Plaintiff
6320 Fly Road - Suite 201
East Syracuse, New York 13057


SOCIAL SECURITY ADMINISTRATION  CANDACE BROWN CASEY, ESQ.
 Counsel for the Defendant     Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

   Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]  This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

in connection with those motions on March 9, 2026, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. No. 18) is DENIED.

2)      Defendant's motion for judgment on the pleadings (Dkt. No. 22) is GRANTED.

3)      The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)      Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 12, 2026
        Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
REBECCA S.,

                                        Plaintiff,

-v-                                     6:24-CV-1121

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
------------------------------------------------------------x

**DECISION TRANSCRIPT**
**BEFORE THE HONORABLE MIROSLAV LOVRIC**
March 9, 2026
15 Henry Street, Binghamton, NY 13901

For the Plaintiff:

    LAW OFFICES OF STEVEN R. DOLSON
    6320 Fly Road - Suite 201
    East Syracuse, New York 13057
    BY:  **STEVEN R. DOLSON, ESQ.**

For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    6401 Security Boulevard
    Baltimore, Maryland 21235
    BY:  **CANDACE BROWN CASEY, ESQ.**

*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

(The Court and all parties present by telephone. Time noted:  12:12 p.m.)

THE COURT:  All right.  The Court's going to begin its decision and analysis as follows:  Plaintiff has commenced this proceeding pursuant to Title 42 U.S. Code Section 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that she was not disabled at the relevant times and therefore ineligible for the benefits that she sought.

By way background, the Court notes as follows: Plaintiff was born in 1983.  She is currently approximately 42 years of age.  She was approximately 38 years of age on the date of her application for benefits.

At the time of her most recent administrative hearing on January 10th of 2024, plaintiff lived with her 13-year-old son.  She is a high school graduate who attended regular education classes and subsequently completed training in cosmetology.

Plaintiff's work history includes multiple positions as an aide at a senior living facility, but she has not held full-time employment since the year 2009.  Plaintiff testified that she was unable to work due to the progression of fibromyalgia symptoms that included steadily worsening neck, shoulder, back, and knee pain and made her susceptible to injury.  Records show that treatment for these symptoms have

included physical therapy, pain medication, epidural injections, and surgery.

Procedurally, the Court notes as follows in this case:  Plaintiff applied for Title XVI benefits on December 10, 2021, alleging an onset date of October 6th of 2021.  In support of her application for benefits, plaintiff claims disability based on a number of physical impairments, including fibromyalgia, back pain, and right knee pain.  Administrative Law Judge Kenneth Theurer conducted a hearing on January 10, 2024, to address plaintiff's application for benefits.  ALJ Theurer issued an unfavorable decision on January 24th of 2024. That decision became the final determination of the agency on July 24th of 2024, when the Appeals Council denied plaintiff's request for review.  This civil action was commenced on September 6th -- excuse me, September 16th of 2024, and it is timely.

In his January 24th of 2024, decision at issue in this case, the ALJ concluded the familiar -- excuse me, let me do that over again -- the ALJ conducted the familiar five step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since her application date of December 10, 2021.

At step two, the ALJ concluded that plaintiff had the following severe impairments:  Fibromyalgia, degenerative disc

disease of the lumbar spine, degenerative joint disease of the right knee, plantar fasciitis, and right shoulder disorder.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairments.  In making this determination, the ALJ expressly considered listings at 1.15 dealing with disorders of the skeletal spine, 1.18 dealing with abnormality of a major joint, and listing 3.03 dealing with asthma.

Next, the ALJ determined that plaintiff has the residual functional capacity, also known as RFC, to perform less than the full range of sedentary work.  Specifically, the ALJ found that plaintiff can occasionally lift and carry ten pounds; sit for approximately six hours, and stand or walk for approximately two hours in an eight-hour day with normal breaks; can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; and can frequently reach with her upper extremities.

The ALJ also found plaintiff should avoid exposure to extreme heat, cold, wetness, and humidity, and concentrated smoke, dust, and respiratory irritants; should avoid work at unprotected heights or in conjunction with dangerous machinery; should avoid rapid, repetitive rotation or flexion of the cervical spine, but had no limitations in her ability to rotate

the trunk of her body; and avoid more than moderate levels of noise.

At step four, the ALJ relied on the vocational expert, also known as a VE, testimony to determine that plaintiff is unable to perform any past relevant work.

Again, relying on the vocational expert testimony, the ALJ found that, considering plaintiff's age, education, work experience, and RFC, that there were jobs existing in significant numbers in the national economy that plaintiff could perform.

Accordingly, the ALJ found that plaintiff was not disabled from her application date of December 10, 2021, through the date of the ALJ's decision.

Turning to plaintiff's arguments in this case, as you know, this Court's functional role in this case is limited and extremely deferential.  The Court must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion.  As the Second Circuit noted in the case of *Brault v. Social Security Administration Commissioner*, that's 683 F.3d 443, that's a 2012 Second Circuit case, and therein, the Circuit articulated that the standard is demanding, more so than the clearly erroneous standard.  The Court in *Brault* also stated that once there's a finding of fact, that fact can be

rejected only if a reasonable factfinder would have to conclude otherwise.

Now, in this case, plaintiff raises three primary contentions in this appeal.  First, plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence.  In particular, plaintiff argues that the ALJ ignored a December 2022 opinion prepared by one of plaintiff's treating physicians, that being Dr. Ecaterina Komarnitsky.  Secondly, the plaintiff argues that the ALJ's RFC determination failed to account for plaintiff's medically determinable mental health impairments.  And then thirdly, the plaintiff argues that the ALJ improperly substituted his lay opinion regarding plaintiff's reaching and other use of upper extremities, as well as the limitations imposed by plaintiff's cervical spine impairment.

The Court turns to its analysis and reasoning and conclusions as follows.  This Court finds that substantial evidence does support the ALJ's evaluation of the evidence addressing plaintiff's physical and mental impairments, including the opinion and testimonial evidence, for the reasons set forth in defendant's brief, and also the following reasons and analysis as set forth by the Court.

The record includes two medical opinions prepared by Dr. Komarnitsky, who has treated plaintiff since at least December 2021.  The first is a November 2022 medical source statement co-signed by another physician, that being Dr. Rebecca

LaValley, and the other is a December 2022 evaluation made in connection with a state jobs training program, signed only by Dr. Komarnitsky.  Treatment notes indicate that Dr. Komarnitsky was a resident, and Dr. LaValley was her supervisor who signed off on many of her examination notes, see transcript at 1225. The parties agree that the two forms generally described similar physical limitations, that being difficulty with walking, standing, lifting, stooping, and reaching.  Although neither opinion provides extensive narrative, the co-signed November 2022 opinion provides greater specificity regarding plaintiff's functional limitations.  This opinion is directly referenced in the ALJ's decision.

The ALJ's decision does not mention the December 2022 opinion, and does not mention Dr. Komarnitsky by name.  The ALJ's decision calls this Dr. LaValley's opinion and does not mention Dr. Komarnitsky, but directly references the document co-signed by both physicians.

Where the record contains multiple opinions from the same medical source, the applicable regulations provide that an ALJ is not required to articulate how he or she considered every opinion individually, an approach that has been endorsed by the courts, see case of *Alyssa V. v. Commissioner of Social Security*, 22-CV-809.  That's found at 2025 WL 2699877 at page 8, and that is a Western District of New York September 23rd of 2025 case, and therein, the Court cited 20 C.F.R. Section

404.1520c(b)(1).

Accordingly, this Court finds no error in the ALJ's failure to specifically reference Dr. Komarnitsky or the December 2022 opinion form, where he analyzed the more detailed November of 2022 opinion completed and co-signed by the same physician.  And by my reference that he analyzed, I'm referring to the ALJ having analyzed the more detailed November of 2022 opinion.

Looking at the medical and mental health opinion evidence more broadly, the ALJ conducted an appropriate evaluation of the consistency and supportability of each opinion, both from treating sources and consultants.

"At their most basic, the amended regulations [governing evaluation of medical opinion evidence] require that the ALJ explain his findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings,'" see case of *Raymond M. v. Commissioner of Social Security*.  That's 19-CV-1313, and that is a Magistrate Judge Baxter case from this district, and it's found at 2021 WL 706645 at page 8, a Northern District New York, February 22nd of 2021 decision.

Here, in our case, the ALJ conducted an appropriate review of the consistency and supportability factors by comparing each referenced opinion to the medical professional's own notes, the broader treatment record, other relevant

opinions, and the testimonial evidence.  Therefore, this Court finds that the ALJ's evaluation of the medical opinion evidence was supported by substantial evidence.

Moving to plaintiff's second argument, this Court finds that the ALJ appropriately considered plaintiff's "mild" mental health limitations as part of his RFC analysis, even though the ALJ did not include any specific mental health limitations in the RFC determination.

When formulating a claimant's RFC, the ALJ must consider not only his severe impairments, but his nonsevere impairments, as well.  However, an ALJ is not required to include specific RFC limitations corresponding to each of the claimant's nonsevere impairments.  Likewise, the courts in this circuit have consistently found that an ALJ's identification of a "mild" mental health limitation at step two of the sequential evaluation does not always require a corresponding functional limitation in the RFC.  A very thorough analysis of this topic can be found in Judge Suddaby's decision, who is a District Court Judge in this district, and that can be found in *Donna L. v. Commissioner of Social Security.*  That's 23-CV-655, and that is a District Court Judge Suddaby decision, the magistrate judge being Judge Dancks.  And that can be found at 2024 WL 3738067.  And I'm referring to page 2 of that decision.  That's a Northern District of New York, August 9, 2024, report and recommendation by Judge Dancks that was adopted by Judge Suddaby.  And therein,

Judge Suddaby and Judge Dancks conducted a thorough analysis of this proposition.

In this case, the ALJ found at step two that plaintiff's diagnosed depressive disorder and anxiety disorder were nonsevere because they caused no more than "mild limitations" in all four functional areas:  That being understanding, remembering, or applying information; two, interacting with others; three, concentrating, persisting, and maintaining pace; and four, adapting or managing oneself.

This step two analysis included a detailed review of plaintiff's mental health treatment history and the ALJ's subsequent RFC analysis discussed relevant mental health evidence, including a consultive psychiatric opinion.  In addition, the ALJ questioned plaintiff regarding her mental health treatment, and plaintiff testified that she was not currently on any psychiatric medication or receiving specialized outpatient treatment.

Therefore, this Court finds that the ALJ satisfied his requirements to consider plaintiff's nonsevere impairments when formulating the RFC and marshalled substantial evidence to support his conclusion that his -- that her, that being plaintiff's, mental health impairments did not impose any functional limitations.

Finally, this Court finds that the ALJ had substantial evidence to find plaintiff could perform frequent

reaching with the upper extremities and should avoid "rapid repetitive rotation or flexion of the cervical spine."  Thus, this Court rejects plaintiff's argument that the ALJ improperly relied upon his unqualified lay opinion of these topics.

Plaintiff contends that no medical opinion supports these precise limitations, but the ALJ's RFC determination was not required to mirror any particular medical opinion, see case of *Matta v. Astrue*, 508 F.App'x 53, at page 56.  That's a Second Circuit 2013 case.

More crucially, there is record support for the ALJ's conclusions, and the ALJ discussed much of it in his decision.

For example, in a May 2022 opinion from Dr. Rita Figueroa that the ALJ deemed "generally persuasive," the consultive examiner opined that plaintiff had "severe" limitations with "turning movements of the neck" and "flexion." This opinion, which referenced an MRI of plaintiff's cervical spine, also drew on Dr. Figueroa's examination and interview of plaintiff regarding her symptoms and treatment history.

One of plaintiff's providers, that being Dr. Nicholas Qandah, opined in September of 2022 that plaintiff could still perform activities involving frequent reaching.  Although the ALJ labeled other portions of this opinion as less persuasive, the ALJ appears to have adopted this finding in the RFC.

The broader medical record describes plaintiff's response to treatment for neck and chronic shoulder pain,

including epidural injections.  As part of the decision, the ALJ considered both plaintiff's testimony regarding the pain associated with repetitive movement and treatment -- and treatment notes, reflecting both, one, improvement with treatment and, two, setbacks associated with falls or aggravation of the shoulder injury.

Thus, the ALJ considered substantial evidence that went beyond his lay opinion regarding plaintiff's limitations of the cervical spine and the use of the upper extremities, and this Court finds no basis to disturb those conclusions.

As a result, plaintiff's motion for judgment on the pleadings is denied; defendant's motion for judgment on the pleadings is granted; plaintiff's complaint is hereby dismissed; and the Commissioner's decision denying plaintiff benefits is affirmed.

(Time noted:  12:32 p.m.)

13

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 11th day of March, 2026.


s/ Hannah F. Cavanaugh_____

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR

Official U.S. Court Reporter